UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

ERIKA L. CARAWAY,

      Plaintiff,

vs.

COMMISSIONER OF
SOCIAL SECURITY,

      Defendant.

Case No. 3:16-cv-138

District Judge Thomas M. Rose
Magistrate Judge Michael J. Newman

---

**REPORT AND RECOMMENDATION[1] THAT: (1) THE ALJ'S NON-DISABILITY FINDING BE FOUND UNSUPPORTED BY SUBSTANTIAL EVIDENCE, AND REVERSED; (2) THIS MATTER BE REMANDED TO THE COMMISSIONER UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR PROCEEDINGS CONSISTENT WITH THIS OPINION; AND (3) THIS CASE BE CLOSED**

---

This is a Social Security disability benefits appeal. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Supplemental Security Income ("SSI").[2] This case is before the Court upon Plaintiff's Statement of Errors (doc. 8), the Commissioner's memorandum in opposition (doc. 9), Plaintiff's reply (doc. 10), the administrative record (doc. 6),[3] and the record as a whole.

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendation.

[2] Plaintiff also filed for Disability Insurance Benefits ("DIB"), but she did not qualify because she did "not have enough work credits[.]" PageID 134. In determining Plaintiff's disability status, the ALJ analyzed only Plaintiff's SSI application (PageID 70), and that aspect of the ALJ's analysis is not challenged on appeal. Accordingly, on appeal, the undersigned analyzes only the ALJ's analysis concerning Plaintiff's application for SSI.

[3] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

**I.**

**A.     Procedural History**

On December 12, 2012, Plaintiff filed an application for SSI claiming disability as a result of a number of impairments including, *inter alia*, bipolar disorder, attention deficit hyperactivity disorder ("ADHD"), oppositional defiant disorder ("ODD"),[4] idiopathic thrombocytopenic purpura ("ITP"),[5] and asthma. PageID 75.

After an initial denial of her application, Plaintiff received a hearing before ALJ Emily Statum on May 12, 2014. PageID 99-116. The ALJ issued a written decision on October 31, 2014 finding Plaintiff not disabled. PageID 70-94. Specifically, the ALJ found at Step 5 that, based upon Plaintiff's residual functional capacity ("RFC"), "jobs have existed in significant numbers in the national economy that [Plaintiff] has been able to perform[.]" PageID 93.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 46-51. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 74-93), Plaintiff's Statement of Errors, the Commissioner's memorandum in opposition, and Plaintiff's

---

[4] ODD is characterized by the following behavior: a "frequent and persistent pattern of anger, irritability, arguing, defiance or vindictiveness toward [parents] and other authority figures[.]" Mayo Clinic, Oppositional defiant disorder (ODD), MayoClinic.com, http://www.mayoclinic.org/diseases-conditions/oppositional-defiant-disorder/basics/definition/con-20024559 (last visited July 24, 2017).

[5] "Idiopathic thrombocytopenic purpura (ITP) is a disorder that can lead to easy or excessive bruising and bleeding. The bleeding results from unusually low levels of platelets -- the cells that help blood clot." Mayo Clinic, *Idiopathic thrombocytopenic purpura (ITP) – Overview*, MayoClinic.com, http://www.mayoclinic.org/diseases-conditions/idiopathic-thrombocytopenic-purpura/home/ovc-20201208 (last visited July 23, 2017).

reply. Docs. 8-10. The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

### A.     Standard of Review

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742,745-46 (6th Cir. 2007). In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

### B.     "Disability" Defined

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a

"disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

1. Has the claimant engaged in substantial gainful activity?

2. Does the claimant suffer from one or more severe impairments?

3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?

4. Considering the claimant's RFC, can he or she perform his or her past relevant work?

5. Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In her Statement of Errors, Plaintiff argues that the ALJ erred by improperly: (1) evaluating her impairments under Listing § 7.06; (2) analyzing the opinion of treating family physician, James Derksen, M.D.; and (3) relying on the opinion of the medical expert ("ME"), Robert Sklaroff, M.D. Doc. 8 at PageID 660. Finding error in the weighing of Dr. Derksen's opinion, the Court does not address Plaintiff's remaining arguments.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations in effect prior to March 27, 2017, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384 (6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[6]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

---

[6] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Dr. Derksen began treating Plaintiff in March 2006 for, among other conditions, ADHD and ITP. PageID 335, 603. On May 5, 2014, Dr. Derksen concluded that Plaintiff lacked the ability to perform sedentary work, was moderately limited in her ability to maintain social functioning, and markedly limited[7] in her ability to maintain concentration, persistence or pace. PageID 600, 610.

More specifically, Dr. Derksen opined that, primarily as a result of Plaintiff's ADHD, she would be unable to be prompt and regular in attendance; withstand the pressure of meeting normal standards of productivity and accuracy without risk of decompensation or worsening of her impairments; sustain attention and concentration to meet productivity and accuracy standards; understand, remember and carry out simple work instructions without close supervision; demonstrate reliability; maintain concentration and attention for approximately two hour

---

[7] Whereas "mild" and "moderate" functional limitations are generally considered "non-disabling," *see Sims v. Comm'r of Soc. Sec.*, 406 F. App'x 977, 980 (6th Cir. 2011), "marked" limitations are suggestive of disability. *See* 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(C); *Lankford v. Sullivan*, 942 F.2d 301, 307 (6th Cir. 1991).

6

segments; perform activities within a schedule; maintain regular attendance and be punctual; complete a normal workday and week without interruption from symptoms of her impairments; respond appropriately to changes in a routine work setting; get along with co-workers and supervisors without distracting them or exhibiting behavior extremes; sustain ordinary routines without special supervision; and work in coordination with, or in proximity to others without being unduly distracted. PageID 604-09.

The ALJ gave Dr. Derksen's opinion "little weight." PageID 89. Specifically, in rejecting Dr. Derksen's opinion, the ALJ found it "conclusory, unsupported, and inconsistent with medical evidence as well as the claimant's level of functioning as a college student." *Id*. The Court finds error in the ALJ's assessment of Dr. Derksen's opinion.

Initially, the Court notes that the ALJ failed to mention the concept of "controlling weight" when analyzing Dr. Derksen's opinion, and further failed to specifically decline to give it controlling weight. PageID 182; *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365, 377 (6th Cir. 2013) (finding error where the ALJ's "analysis does not explain to which aspect of the controlling-weight test [a] critique is relevant"); *see also Martin v. Colvin*, 207 F. Supp. 3d 782, 789 (S.D. Ohio 2016). In addition, the ALJ also provides no analysis of the controlling weight factors -- *i.e.*, whether the opinion was "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence[.]" 20 C.F.R. § 404.1527(c)(2).

Instead, the ALJ's specific critiques of Dr. Derksen's opinion focus on the "supportability" and "consistency" factors set forth in 20 C.F.R. §§ 404.1527(c)(3) and (4), which are factors applied only after the ALJ declines to "give the treating source's opinion controlling weight[.]" 20 C.F.R. § 404.1527(c)(2); *see also Gayheart*, 710 F.3d at 376 (noting that certain factors are "properly applied only after the ALJ has determined that a treating-source opinion will not be

given controlling weight"). As a result of the foregoing, the Court cannot determine whether the ALJ engaged in the first step – *i.e.*, the "controlling weight" step -- of the required "two-step inquiry" when analyzing Dr. Derksen's opinion. *See Gayheart*, 710 F.3d at 376-78; *see also Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004) (stating that, "[a]lthough substantial evidence otherwise supports [a] decision of the Commissioner[,]" reversal may, nevertheless, be warranted if an ALJ fails "to follow its own procedural regulation, and the regulation was intended to protect applicants"). Such failure amounts to reversible error. *See Aytch v. Comm'r of Soc. Sec.*, No. 3:13-cv-135, 2014 WL 4080075, at *5 (S.D. Ohio Aug. 19, 2014) (citation omitted).

In addition, it appears that the ALJ focused solely upon Dr. Derksen's opinion as it relates to Plaintiff's physical limitations, such as her exertional capacity and postural activities. PageID 89. The ALJ sets forth no specific analysis of Dr. Derksen's limitations as they relate to Plaintiff's mental impairments, such as her ADHD. *Id.*; *see also* 604-10. It is not clear to the undersigned that the ALJ considered Dr. Derksen's opinion addressing Plaintiff's abilities to perform certain work-related mental activities on a regular and sustained basis, such as Plaintiff's ability to be prompt and regular in attendance; withstand work pressures; sustain and maintain attention and concentration for two hour segments; and understand, remember and carry out simple work instructions. PageID 604-09. Such omission is error and requires reversal.

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing, or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded

8

immediately "only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). Here, the undersigned finds that evidence of disability is not overwhelming and that a remand for further proceedings is proper.

## V.

**IT IS THEREFORE RECOMMENDED THAT**:

1. The Commissioner's non-disability finding be found unsupported by substantial evidence, and **REVERSED**;

2. This matter be **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for proceedings consistent with this opinion; and

3. This case be **CLOSED**.

Date: July 31, 2017                  s/ Michael J. Newman
                                                                     Michael J. Newman
                                                                     United States Magistrate Judge

# NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendation. This period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d). Parties may seek an extension of the deadline to file objections by filing a motion for extension, which the Court may grant upon a showing of good cause.

Any objections filed shall specify the portions of the Report and Recommendation objected to, and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based, in whole or in part, upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.

A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof. As noted above, this period is not extended by virtue of Fed. R. Civ. P. 6(d) if served on you by electronic means, such as via the Court's CM/ECF filing system. If, however, this Report and Recommendation was served upon you by mail, this deadline is extended to **SEVENTEEN DAYS** by application of Fed. R. Civ. P. 6(d).

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140, 153-55 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).